1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9
10
11

| | |
|---|---|
| FRANK HARLAN, | 1: 06 CV 00902 WMW HC |
|                Petitioner, | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
|    v. | [Doc. 9] |
| MIKE MADDING, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
|                Respondent. | |

12
13
14
15
16
17
18
19
20
21
22
23
24

        Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss.

## PROCEDURAL HISTORY

        On May 16, 1997, Petitioner was convicted of three counts of second degree robbery and a number of sentencing enhancements were found to be true.  The trial court sentenced Petitioner to a determinate state prison term of eight years, eight months.

25
26
27
28

1    Petitioner filed a direct appeal. On December 1, 1997, the Court of Appeal granted

2    Petitioner's request to voluntarily dismiss his appeal.

3    Petitioner subsequently filed the three following pro se post-conviction collateral challenges

4    to his conviction:

5    First Petition

6    June 20, 2005: Petition for post-conviction relief filed in Kings County Superior Court

7    June 27, 2005: Petition denied

8    Second Petition

9    July 18, 2005: Petition for post-conviction relief filed in Court of Appeal

10   August 25, 2005:   Petition denied

11   Third Petition

12   September 19, 2005:   Petition for post-conviction relief filed in California Supreme Court

13   June 28, 2006:   Petition denied.

14   Petition filed the present petition on July 17, 2006.

15                               **LEGAL STANDARDS**

16   JURISDICTION

17   Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

18   to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

19   the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

20   1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

21   the United States Constitution.  In addition, the conviction challenged arises out of the Kings

22   County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a);

23   2241(d).  Accordingly, the court has jurisdiction over the action.

24   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

25   1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

26   Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

27   586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

28   F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

1  *grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

2  to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

3  AEDPA, thus it is governed by its provisions.

4  <u>STANDARD OF REVIEW</u>

5      This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

6  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

7  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

8      The AEDPA altered the standard of review that a federal habeas court must apply with

9  respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v.</u>

10 <u>Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

11 not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

12 involved an unreasonable application of, clearly established Federal law, as determined by the

13 Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

14 determination of the facts in light of the evidence presented in the State Court proceeding." 28

15 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

16 Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120

17 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

18 concludes in its independent judgment that the relevant state-court decision applied clearly

19 established federal law erroneously or incorrectly."  <u>Lockyer</u>, at 1174 (citations omitted).  "Rather,

20 that application must be objectively unreasonable."  <u>Id.</u> (citations omitted).

21     While habeas corpus relief is an important instrument to assure that individuals are

22 constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

23 <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

24 conviction is the primary method for a petitioner to challenge that conviction.  <u>Brecht v.</u>

25 <u>Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

26 determinations must be presumed correct, and the federal court must accept all factual findings made

27 by the state court unless the petitioner can rebut "the presumption of correctness by clear and

28 convincing evidence."  28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769

1  (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

2  1388 (9th Cir. 1997).

3  **DISCUSSION**

4  Respondent moves to dismiss this petition on the ground that it is untimely and barred by the

5  statute of limitations.   Petitioner opposes the motion.

6  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

7  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

8  Petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5

9  of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be

10 raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."

11 The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to

12 dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915

13 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533

14 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and

15 case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule

16 4.

17 The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

18 petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

19 (d) reads:

20     (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
21 corpus by a person in custody pursuant to the judgment of a State court.  The
   limitation period shall run from the latest of –

22     (A) the date on which the judgment became final by the conclusion of direct
   review or the expiration of the time for seeking such review;

23
24     (B) the date on which the impediment to filing an application created by
   State action in violation of the Constitution or laws of the United States is removed, if
   the applicant was prevented from filing by such State action;

25
26     (C) the date on which the constitutional right asserted was initially recognized by
   the Supreme Court, if the right has been newly recognized by the Supreme Court and made
   retroactively applicable to cases on collateral review; or

27
28     (D) the date on which the factual predicate of the claim or claims presented
   could have been discovered through the exercise of due diligence.

1    (2) The time during which a properly filed application for State post-conviction or
     other collateral review with respect to the pertinent judgment or claim is pending shall
2    not be counted toward any period of limitation under this subsection.

3

4    In this case, the Court of Appeal granted Petitioner's motion for voluntary dismissal of his

5    appeal on December 1, 1997.   The state appeal process thus became "final" at that time and the

6    statute of limitations began running the following day - December 2, 1997  Thus, absent tolling, the

7    last day to file a federal petition was December 1, 1998.

8    Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

9    for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

10   pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In

11   Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first

12   state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

13   challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846

14   (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,

15   1323 (10th Cir. 1999).

16   Petitioner did not file his first post-conviction petition in state court until June 20, 2005.

17   Because the limitations period had already expired, this challenge and Petitioner's subsequent

18   collateral challenges had no tolling consequence.  Green v. White, 223 F.3d 1001, 1003 (9th

19   Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also

20   Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354

21   (N.D.Cal.2002).

22   Petitioner admits that his petition is untimely, but argues that due to the findings in Blakely v.

23   Washington, 542 U.S. 296 (2004) he is entitled to raise his challenges to his sentence.  Petitioner

24   argues that Blakely and its predecessor Apprendi v. New Jersey, 530 U.S. 466 (2000) created a

25       [1]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas
26   corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus
     relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of
27   Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may
     instead file an original habeas petition in the Supreme Court.  See, id.

28

1    retroactive new rule which enables him, under 28 U.S.C. Section 2244(d)(1)(C), to circumvent the

2    December 1, 1998 expiration of the statute of limitations.

3           As Respondent argues, Petitioner is mistaken.  Neither Apprendi nor Blakely apply

4    retroactively to cases on collateral review.  See  United States v. Sanchez-Cervantes, 282 F.3d 664,

5    667 (9th Cir. 2002);  United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); Schardt v. Payne, 414 F.3d

6    1025, 1036 (9th Cir.2005).

7           The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a

8    prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.

9    Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107

10   F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v.

11   United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), overruled in part on other grounds

12   by, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc) (noting that

13   "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if

14   'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on

15   time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to

16   file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v.

17   Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), citing Kelly, 163 F.3d at 541; Beeler, 128 F.3d at

18   1288-1289.

19          Petitioner has not claimed a right to equitable tolling in this case.  As there exists no

20   circumstances sufficient to justify equitably tolling the limitations period, the petition is untimely

21   and must be dismissed.

22          Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot

23   proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. §

24   2253, provides as follows:

25          (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge,
            the final order shall be subject to review, on appeal, by the court of appeals for the circuit in
26          which the proceeding is held.
            (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a
27          warrant to remove to another district or place for commitment or trial a person charged with a
            criminal offense against the United States, or to test the validity of such person's detention
28          pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)      Respondent's motion to dismiss is GRANTED;

2)      A certificate of appealability is DENIED;

3)      This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

4)      The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:    March 10, 2008**              **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE